IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**PHILLIP DEWAYNE STEWART**                                    **PLAINTIFF**
**#80429**

v.                           **Case No: 4:23-CV-00859-LPR**

**SHERRI FLYNN, et al.**                                           **DEFENDANTS**

## ORDER

Plaintiff Phillip Dewayne Stewart, detained at the Pulaski County Detention Facility, filed a *pro se* Complaint on September 14, 2023.[1] Mr. Stewart neither paid the $402 filing fee nor sought to proceed *in forma pauperis*.

The Prison Litigation Reform Act provides that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[2] Prior to filing this lawsuit on September 14, 2023, Mr. Stewart filed at least three actions that were dismissed for failing to state a claim upon which relief may be granted.[3]

A plaintiff with "three strikes" may proceed *in forma pauperis* only if he falls under the "imminent danger" exception to the three strikes rule.[4] For Mr. Stewart to be able to proceed *in*

---

[1] Compl. (Doc. 1).

[2] 28 U.S.C. § 1915(g).

[3] *See Stewart v. Hobbs, et al.*, 5:13-CV-00381-JLH (E.D. Ark.) (dismissed Jan. 31, 2014) (no appeal filed); *Stewart v. Hobbs, et al.*, W.D. Ark. Case No. 6:15-CV-6023-PKH (dismissed Jan. 26, 2016); *Stewart v. Evans*, 5:16-cv-00081-DPM (E.D. Ark.) (dismissed March 24, 2016) (no appeal filed); and *Stewart v. Griffen, et al.*, 4:17-cv-00579-BRW (E.D. Ark.) (dismissed Sept. 14, 2017) (no appeal filed).

[4] *See* 28 U.S.C. § 1915(g) (providing that three strikers should be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998)

*forma pauperis* in this case, he must establish that he was in imminent danger of serious physical injury at the time he filed his Complaint.[5] Mr. Stewart's pleadings do not indicate he was in imminent danger at the Pulaski County Detention Facility at the time he filed his Complaint. Accordingly, the imminent danger exception does not apply. Therefore, this case will be dismissed due to Mr. Stewart's failure to pay the filing fee. Mr. Stewart will have thirty (30) days to reopen this case by paying the $402 filing fee in full.

IT IS THEREFORE ORDERED that:

1. Mr. Stewart's Complaint (Doc. 1) is DISMISSED without prejudice.

2. Mr. Stewart has thirty (30) days from the date of this Order in which to reopen this case by paying the $402 filing fee in full.

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

IT IS SO ORDERED this 27th day of September 2023.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

(explaining that the exception applies only if the prisoner is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient").

[5] *See Ashley*, 147 F.3d at 717.